Cody CUBLER, individually and on behalf of all others similarly situated, Appellants

v.

TRUMARK FINANCIAL CREDIT UNION, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 18, 2013.

Filed Dec. 20, 2013.

Cary L. Flitter, Theodore E. Lorenz, and Andrew M. Milz, Norberth, for appellants.

Christine M. Debevec, Sandra Ann Grifalco and Michelle C. Orloski, Philadelphia, for appellee.

BEFORE: BENDER, P.J.,
DONOHUE and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:

In this class action contract dispute, Cody Cubler ("Cubler"), individually and on behalf of all others similarly situated, appeals from the Order that granted the Motion for judgment on the pleadings filed by TruMark Financial Credit Union ("TruMark"), and dismissed Cubler's Complaint with prejudice. We reverse and remand for further proceedings.

The trial court set forth the relevant facts underlying this appeal as follows:

[Cubler] commenced this consumer Class Action by filing his Complaint on April 16, 2012. On or about October 28, 2008, [Cubler] purchased a used 2006 Chevrolet Cobalt from Enterprise Car Sales. Purchase money financing was arranged through [TruMark]. [Cubler's] Complaint alleges that Cubler's father, George Cubler[,] co-signed the loan. However, the Retail Installment Sale Contract states that George Cubler was the buyer of the vehicle, and [that Cubler] was the co-buyer. Per the terms of the financing arrangement, TruMark was the secured party, and the monthly payments were to be made to TruMark.

Sometime in the Summer of 2009, after [Cubler] failed to make the agreed-upon monthly payments, TruMark declared a default. On or around August 13, 2009, TruMark, the lender and secured party, repossessed the vehicle. TruMark sent George Cubler a Notice of Repossession on or about August 14, 2009; however, [Cubler's] Complaint alleges that TruMark failed to provide [Cubler] with notice required by [Article 9 of the Pennsylvania Uniform Commercial Code ("UCC"), 13 Pa.C.S.A. § 9601 et seq. (governing the rights and duties of a secured party following a debtor's default).[1]] [Cubler] further claims that

---

1. Cubler primarily relied upon sections 9613 and 9614 of the UCC (governing the contents and form of notification before disposition of collateral). These sections provide that, in a

the [N]otice sent to George Cubler was defective because it did not state the date and location of the auction[,] or whether the auction sale was to be public or private. The [N]otice also failed to advise the borrower of the right to an accounting and the charge to the borrower for such accounting. The [N]otice also failed to inform [Cubler] that he had the right to redeem the vehicle up until the time of sale. [Cubler] asserts that these same deficiencies existed in notices sent by TruMark to consumers across the Commonwealth of Pennsylvania, and these deficiencies form the basis of [Cubler's] class action.

Shortly after the [N]otice was sent to George Cubler, TruMark sold the vehicle at auction; however, a deficiency remained after the sale proceeds were applied to the balance of the loan. By letter dated September 18, 2009, TruMark sent a post-sale deficiency [N]otice to George Cubler[,] stating that the car was sold for $4,805,00, resulting in a deficiency of $6,969.40. [Cubler] further alleges that this post-sale deficiency notice was never provided to him[, in violation of 13 Pa.C.S.A. § 9616 (requiring a secured party to provide the debtor with an explanation of the claimed deficiency that remained after the sale of the collateral).]

Trial Court Opinion, 4/4/13, at 1–3 (footnote added).

█ Cubler filed his Complaint on April 16, 2012, approximately 2 ½ years after TruMark repossessed and sold his vehicle. In his Complaint, Cubler objected to TruMark's failure to provide him (and his fellow class members) proper notice pursuant to the provisions of Article 9 of the UCC, and sought to recover "statutory damages" under section 9625 of the UCC. *See* 13 Pa.C.S.A. § 9625 (titled "[r]emedies for secured party's failure to comply with division."). Section 9625 provides, in relevant part, as follows:

**(b) Damages for noncompliance.—** Subject to subsections (c), (d) and (f), a person is liable for damages in the amount of any loss caused by a failure to comply with this division. Loss caused by a failure to comply may include loss resulting from the debtor's inability to obtain . . . alternative financing.

**(c) Persons entitled to recover damages; statutory damages in consumer-goods transaction.—** . . . :

\*　　　\*　　　\*

(2) if the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this chapter may recover for that failure in any event an amount not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price.

\*　　　\*　　　\*

**(e) Statutory damages: noncompliance with specified provisions.—** In addition to any damages recoverable under subsection (b), the debtor, consumer obligor or person named as a debtor in a filed record, as applicable, may recover $500 from a person that:

\*　　　\*　　　\*

consumer goods transaction, before a secured party may dispose of or sell the collateral following a debtor's default, the secured party must send the debtor a notice, setting forth, *inter alia,* (1) whether the sale will be public or private; (2) the time, date and place at which the collateral will be sold (if sold at auction); (3) that the debtor is entitled to an accounting of the unpaid indebtedness; and (4) the amount that must be paid to the secured party to redeem the collateral. *See* 13 Pa.C.S.A. §§ 9613, 9614.

(5) fails to comply with section 9616(b)(1) (relating to explanation of calculation of surplus or deficiency), and the failure is part of a pattern or consistent with a practice of noncompliance[.]

13 Pa.C.S.A. § 9625. Accordingly, Cubler asserted that section 9625 afforded him and his fellow class members a recovery of (a) "minimum damages of not less than the credit service charge plus 10% of the principal amount of the obligation[,]" *id.* § 9625(c)(2); and (b) additional statutory damages in the amount of $500, pursuant to sub-section 9625(e)(5).[2]

Following a procedural history that is not relevant to our disposition of this appeal, on July 30, 2012, TruMark filed a Motion for judgment on the pleadings. TruMark asserted that it was entitled to judgment as a matter of law because Cubler's claims were barred by the applicable statute of limitations.[3] According to TruMark, Cubler's action fell under the two-year limitations period set forth in 42 Pa.C.S.A. § 5524(5), which governs "[a]n action upon a statute for a civil penalty or forfeiture." *Id.* TruMark argued that the statutory damages provisions upon which Cubler relied, *i.e.,* 13 Pa.C.S.A. § 9625(c)(2) and (e)(5), *supra,* are "punitive" rather than compensatory in nature since they are (1) intended to deter creditor noncompliance; and (2) unrelated to an aggrieved debtor's actual losses. In response, Cubler argued that the plain language of section 9625 provides for consumer "remedies" and the recovery of damages for a party's losses, and that the

statutory text never mentions the words "civil penalty" or "forfeiture." Accordingly, Cubler maintained that the two-year statute was inapplicable, and his action fell under the residual "catchall" statute of limitations of six years. *See* 42 Pa.C.S.A. § 5527(b) (providing that "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to limitation) must be commenced within six years.").

By an Order entered on October 23, 2012, the trial court granted TruMark's Motion for judgment on the pleadings, dismissed Cubler's Complaint with prejudice, and entered judgment against him and the putative class. In this Order, the trial court stated that the two-year limitations period applied, thereby barring Cubler's action, based upon its finding that the relevant provisions of section 9625 are punitive in nature. In support of this determination, the trial court opined that "the intended purpose of [section 9625] is not to compensate [an aggrieved party,] but to punish the offending entity and deter future violations. . . . [T]he damages sought by [Cubler] are directly analogous to a civil penalty or forfeiture." Trial Court Opinion, 4/4/13, at 10. The trial court further stated that "damages pursuant to [section] 9625 constitute a statutory penalty[,] in that they are penal, deterrent, punitive, and non-compensatory in nature[. *Cubler* ] *is not required to prove any injury or loss in order to recover* [.]" *Id.* at 9 (emphasis in original).

---

**2.** Cubler's Complaint did not specify the precise amount of damages that he claimed. Rather, Cubler averred generally that he was entitled to minimum, statutory damages pursuant to sub-sections 9625(c)(2) and (e)(5).

**3.** Article 9 of the UCC does not contain a statute of limitations. Accordingly, the limi-

tations period is governed by Chapter 55 of the Pennsylvania Judicial Code. *See Pantuso Motors, Inc. v. Corestates Bank, N.A.,* 568 Pa. 601, 798 A.2d 1277, 1281 (2002); *Gabriel v. O'Hara,* 368 Pa.Super. 383, 534 A.2d 488, 495 (1987).

Cubler filed a timely appeal, presenting the following issues for our review:

(1) Did the trial court err in holding that statutory damages provided in the UCC under 13 Pa.[C.S.A.] § 9625 are not "remedies" as set forth in the heading and plain language [of section 9625], but rather a "statute for a civil penalty or forfeiture"?

(2) Did the trial court err in holding that 13 Pa.[C.S.A.] § 9625 statutory damages are really a "civil penalty" for statute of limitations purposes, where the remedy provided for an aggrieved consumer bears none of the attributes of a traditional "civil penalty"?

(3) Did the trial court err in dismissing the claims of [Cubler] and the putative class by holding that Section 9625 damages are subject to the two-year statute of limitation for an "action upon a statute for civil penalty or forfeiture," rather than the residual six-year limitations period governing a "civil action or proceeding not subject to another limitation"?

Brief for Appellant at 3–4 (brackets omitted). We will address Cubler's closely related issues simultaneously.

■■■ Our standard of review is as follows:

Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Coleman v. Duane Morris, LLP*, 58 A.3d 833, 836 (Pa.Super.2012) (citation omitted).

Cubler argues that the trial court erred in disregarding the plain language of section 9625, which, itself, is titled *"Remedies for secured party's failure to comply with division."* Brief for Appellant at 12 (quoting 13 Pa.C.S.A. § 9625 (emphasis supplied by Cubler)). Cubler emphasizes that section 9625 never mentions the words "civil penalty" or "forfeiture." Brief for Appellant at 12, 15. Cubler further points out that the relevant provisions of section 9625 specifically provide for the "recover[y]" of "statutory damages." *Id.* at 13, 15 (quoting Pa.C.S.A. § 9625(c)(2) and (e)(5)). Cubler argues that "[t]here is simply no ambiguity in [the words] 'remedy,' 'damages' or '[ ] recovery' that would permit the trial court to disregard the text of [section 9625], ostensibly 'because the *intended purpose* of the statute is not to compensate [a] plaintiff, but to punish the offending entity and deter future violations.'" Brief for Appellant at 15 (quoting Trial Court Opinion, 4/4/13, at 10 (emphasis supplied by Cubler)).

According to Cubler, the reasoning of the Pennsylvania Supreme Court in the analogous case of *Pantuso Motors, supra,* should guide our analysis, and lead to a determination that a plain reading of the unambiguous language of section 9625 reveals that it is a remedial statute intended to compensate aggrieved debtors/obligors for their losses. In *Pantuso Motors,* the Supreme Court addressed whether the plaintiff's action seeking liquidated damages under 42 Pa.C.S.A. § 8104(b) (providing for liquidated damages in actions con-

cerning a judgment creditor's failure to enter satisfaction of judgment upon the debtor's request) was subject to the two-year limitations period, and thus time-barred, or subject to the residual six-year limitations period. *Pantuso Motors*, 798 A.2d at 1281 (stating that "[t]he question ... distills to whether Section 8104(b) is a remedial statute intended to compensate debtors for the harmful effects of stale judgments, or instead constitutes a 'civil penalty or forfeiture' for purposes of the two-year statute"). The Supreme Court initially observed that,

> [i]n deciding this question, our role, as with all statutory interpretation, is to give effect to the intent of the Legislature. *See* 1 Pa.C.S. § 1921. In ascertaining such intent, section headings and titles may be used as an aid, *see* 1 Pa.C.S. § 1924[,] and words and phrases must be understood according to their common usage. *See* 1 Pa.C.S. § 1903(a).... Whenever possible, statutes must be construed so as to give effect to every word. *See* 1 Pa.C.S. § 1921(a)[.] With these principles in mind, substantial weight attaches to the prominence of the term "liquidated damages" in the enactment at issue. The General
>
> Assembly not only chose to place this phrase within the heading of Section 8104(b), but selected it to appear twice within the statutory text as the sole

designation of the statutory remedy there provided.

*Pantuso Motors*, 798 A.2d at 1281–82 (citations to case law omitted). The Supreme Court went on to hold that, based upon a plain reading of the language of Section 8104(b), "[i]t would [ ] be anomalous for this Court to declare ... that a remedy which the General Assembly has *specifically designated as liquidated damages* is in fact a statutory penalty or forfeiture." *Id.* at 1283 (emphasis added). Additionally, the Supreme Court disagreed with the defendant's argument that "the remedy provided by Section 8104(b) is primarily punitive in nature, as it is designed to encourage timely removal of satisfied judgments from court dockets, rather than to compensate the debtor for any harm suffered." *Id.* at 1281. Instead, the Supreme Court held that although the imposition of liquidated damages under Section 8104(b) may have a "punitive" *effect* on an offending party, the General Assembly intended such damages to primarily serve as a remedy to compensate aggrieved claimants, not as a penalty against offending parties. *Id.* at 1283–84.

In the instant case, we agree with Cubler that the Supreme Court's approach in *Pantuso Motors* should guide our analysis; neither TruMark nor the trial court provide us with any compelling reasons to the contrary.[4, 5] Initially, like the case in *Pan-*

---

4. Both TruMark and the trial court correctly point out that *Pantuso Motors* is *factually* distinguishable, since the instant case involves statutory damages under section 9625, whereas *Pantuso Motors* involved liquidated damages under 42 Pa.C.S.A. § 8104(b). *See* Brief for TruMark at 30; Trial Court Opinion, 4/4/13, at 10–11. We recognize that the specific holding of *Pantuso Motors* does not control our disposition of the instant case, which presents an issue of first impression in our appellate courts. However, the *rationale* of *Pantuso Motors* (wherein the Supreme Court

conducted an analysis of whether the General Assembly intended the statute at issue to be "punitive" or "remedial") is directly on-point to this case and guides our analysis.

5. We additionally note that a judge of the Philadelphia Court of Common Pleas recently issued a published Opinion wherein the court addressed the precise issue presented in the instant appeal, followed the rationale of *Pantuso Motors* in determining that section 9625 is primarily intended to compensate aggrieved debtors/obligors for their losses, and determined that the plaintiff's action seeking

*tuso Motors*, we must provide "substantial weight" to the fact that, in drafting section 9625, the General Assembly specifically chose to use the word "[r]emedies" in the heading of the statute. *See Pantuso Motors*, 798 A.2d at 1282; *see also* 1 Pa.C.S.A. § 1924. Furthermore, the relevant provisions involved in this case, 13 Pa.C.S.A. § 9625(c)(2) and (e)(5), both specifically provide for "recover[y]" of "statutory damages." *Id.* Importantly, *the language of section 9625 does not contain any reference to penalties of any sort.* Accordingly, it would be anomalous for this Court to declare that a statute that the General Assembly has specifically designated as being *remedial,* and which expressly provides for *recovery* of statutory *damages,* is, in fact, a civil penalty or forfeiture. *See Pantuso Motors*, 798 A.2d at 1283; *see also* 1 Pa.C.S.A. § 1921(b) (rule of statutory construction providing that where, as here, "the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

Moreover, a determination that the statutory damages provided for in section 9625 are intended to be compensatory and not penal in nature is supported by section 1305 of the UCC. Section 1305 provides that "neither consequential or special damages *nor penal damages may be had except as specifically provided* in this title or by other rule of law." 13 Pa.C.S.A. § 1305(a) (emphasis added). Furthermore, section 9625 provides a damages formula that is expressly linked to the aggrieved party's *injury,* not to the degree

of the offending party's culpability, which is a feature inherent in penalties. *See, e.g.,* 13 Pa.C.S.A. § 9625(b) (providing that "a person is liable for damages in the amount of any loss caused by a failure to comply with this division"); *id.* § 9625(c)(2) (providing that an aggrieved debtor/obligor is entitled to an award "not less than the credit service charge plus 10% of the principal amount of the obligation or the time price differential plus 10% of the cash price."). Finally, like the circumstances presented in *Pantuso Motors,* even if the imposition of statutory damages under section 9625 may have the effect of encouraging compliance with the provisions of Article 9, the General Assembly intended such damages to serve primarily to compensate aggrieved claimants, not as a penalty against offending parties. *See Pantuso Motors*, 798 A.2d at 1283–84.

The trial court sought to support its determination that the General Assembly drafted section 9625 with the intent to punish offending parties and incentivize compliance with the provisions of Article 9 of the UCC, rather than to compensate aggrieved parties for their losses, by pointing to the following Official Comment to section 9625:

> Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary obligor in a consumer-goods transaction. It is … designed to ensure that every non-compliance with the requirements of Part 6 in a consumer-goods transaction results in liability,

statutory damages under section 9625 was governed by the six-year statute of limitations. *See Simonson v. Am. Heritage Fed. Credit Union,* 2012 WL 6755097 (Philadelphia Cty. 2012). Notably, the decision of the trial court in *Simonson* is directly in conflict with the decision of the trial court in the instant case, which was issued by a different judge of the Philadelphia Court of Common Pleas. We

recognize that "decisions of the Court of Common Pleas are not binding precedent; however, they may be considered for their persuasive authority." *Fazio v. Guardian Life Ins. Co. of Am.,* 62 A.3d 396, 411 (Pa.Super.2012) (citation omitted). After reviewing the *Simonson* decision, we discern no error in the trial court's analysis, and we consider it for its persuasive value.

*regardless of any injury that may have resulted.*

13 Pa.C.S.A. § 9625, cmt. ¶ 4 (emphasis added); *see also* Trial Court Opinion, 4/4/13, at 7. We find the trial court's interpretation of this Official Comment to be misguided.

As stated above, the plain statutory text of section 9625 reveals that its remedies are compensatory; the statute contains no language suggesting that it is primarily "penal." Concerning the language "regardless of any injury that may have resulted" used in the above-mentioned Official Comment, the drafters of section 9625 did not include this language to express an intent for section 9625 to serve as a penalty for creditor non-compliance regardless of the debtor's/obligor's injury. Rather, the drafters included this language in the Official Comment, and removed the requirement for an aggrieved debtor/obligor to prove actual damages in order to recover statutory damages under section 9625, in recognition of the inherent difficulty for a claimant to quantify and prove actual damages. *See, e.g.,* 13 Pa.C.S.A. § 9625(b) (providing that "[l]oss caused by a failure to comply may include loss resulting from the debtor's inability to obtain ... alternative financing"); *accord In re Koresko,* 91 B.R. 689, 699 (Bankr.E.D.Pa.1988) (analyzing the predecessor statute to section 9625 and pointing out that one injury that might flow from an insufficient motor vehicle repossession notice, but is difficult for the debtor/obligor to prove, is the lost opportunity to attend the sale and affect any deficiency resulting from a sale of the vehicle for less than its fair market value).

Based upon the foregoing, we conclude that the trial court committed an error of law by granting TruMark's Motion for judgment on the pleadings. We hold that the relevant provisions of section 9625 are not "punitive" in nature, nor do they provide for a "civil penalty" or "forfeiture." Therefore, the trial court erred in determining that Cubler's class action was time-barred by the two-year statute of limitations set forth in 42 Pa.C.S.A. § 5524(5). Cubler's action fell under the residual six-year statute of limitation, *see* 42 Pa.C.S.A. § 5527(b), and, therefore, his Complaint was timely filed within this limitation period. Accordingly, we reverse the trial court's Order dismissing Cubler's Complaint and entering judgment against him and his fellow class members, and we remand the case to the trial court for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.