J-S22031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PENNSYLVANIA ELECTRIC COMPANY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTOINE'S TIMBERING, INC. | : | |
| | : | No. 1889 MDA 2018 |

Appeal from the Order Entered October 18, 2018
In the Court of Common Pleas of Sullivan County Civil Division at No(s):
2016-CV-50

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:          **FILED: MAY 22, 2019**

Pennsylvania Electric Company (Penelec) appeals from the order of the Court of Common Pleas of Sullivan County (trial court) granting the Motion for Judgment on the Pleadings of Antoine's Timbering, Inc.'s (Antoine's Timbering).  After our thorough review, we affirm.

We take the following background facts and procedural history from our independent review of the record and the trial court's October 19, 2019 opinion.  On March 7, 2016, Penelec filed a Complaint alleging that, on April 25, 2015, Antoine's Timbering negligently cut down a tree resulting in damage to poles, wires and other facilities of Penelec and in the loss of power to its

_____

* Retired Senior Judge assigned to the Superior Court.

customers.[1]   On February 19, 2016, prior to filing the Complaint, Penelec's counsel, Gary L. Weber, Esquire, conducted internet research to locate an address for Antoine's Timbering.   The Corporation Bureau possessed a registered address for Antione's Timbering at RT 438, Box 86, La Plume, PA 18440 (La Plume Address).   (*See* Verification of Gary L. Weber (Weber Verification), Exhibit 1, Corporation Bureau Search, 2/19/16).   The listed officers included Samuel Ryan and Samuel L. Ryon.   (*See id.*).   Immediately upon filing the Complaint, Penelec forwarded it to the Sullivan County Sheriff's Office for service at the La Plume Address.   On April 19, 2016, the Sullivan County Sheriff's Office filed an Affidavit indicating that service had not been perfected because the La Plume Address was invalid.

On May 19, 2016, Attorney Weber conducted an internet search that revealed two listings for Antoine's Timbering without physical addresses and one that listed the invalid La Plume Address.   (*See id.* at Exhibit 4, Internet Printouts, 5/19/16).   Because counsel did not find new address information, he did not attempt further service at that time.

The Statute of Limitations expired on April 24, 2017.   On October 10, 2017, approximately six months after the Statute's expiration and eighteen months after receiving notice of the failed service attempt, Attorney Weber

---

[1] The Complaint was filed within the two-year Statute of Limitations. *See* 42 Pa.C.S. § 5524(7).

again undertook internet research to locate Antione's Timbering's address. "At that time, Samuel Luke Ryon was found to be associated with Antione's Timbering." (*Id.* at ¶ 6; *see id.* at Exhibit 5, Linked-in Printout, 10/10/17). His search of Samuel Luke Ryon revealed that he was associated with Earth Armor Mat. Co./Antoine's Timbering. (*See id.*). The Corporation Bureau's listing for Earth Armor Mat. Co. contained an address for Samuel Ryon at RR#2, Box 3134, Factoryville, PA. A post office box search listed a physical address of 81 Kowanee Lane, Factoryville, PA 18419, in Lackawanna County.

On October 23, 2017, Attorney Weber provided the Wyoming County Sheriff's Office with the Kowanee Lane address and reinstated the Complaint. On November 6, 2017, the Sheriff returned the Complaint because Frackville[2] is outside of the Wyoming County service area. On December 8, 2017, Penelec again reinstated the Complaint and the Lackawanna County Sheriff was deputized to make service at the Kowanee Lane address. The Lackawanna County Sheriff served the Complaint at an address other than that provided, 156 Windfall Drive Factoryville, PA 18419. Prior to this time, Attorney Weber had no information associating the service address with Antoine's Timbering.

---

[2] It is not clear from the record why the Sheriff stated that Frackville is outside of Wyoming County when it was asked to serve the Complaint at the Factoryville address.

Antoine's Timbering filed Preliminary Objections to the Complaint in which it challenged the jurisdiction of the trial court, and argued that Penelec failed to make proper service in a timely manner, thus violating the Statute of Limitations. Penelec filed Preliminary Objections to Antoine's Timbering's Preliminary Objections, along with the Weber Verification detailing counsel's attempts to secure Antoine's Timbering's address. After oral argument, the trial court overruled Antoine's Timbering's Preliminary Objections, sustained Penelec's Preliminary Objections and ordered Antoine's Timbering to file an Answer to the Complaint.

After the pleadings closed, Antoine's Timbering filed the Motion for Judgment on the Pleadings again arguing a violation of the Statute of Limitations. After argument, the court granted the Motion. Quoting from ***Sheets v. Liberty Homes, Inc.***, 823 A.2d 1016, 1019 (Pa. Super. 2003) that a "plaintiff cannot just file a writ or complaint and have another period of the statute of limitations to make service, but must make a good faith effort to find and serve the defendant," it found that Penelec's "course of conduct" in failing to take any action to locate Antoine's Timbering from May 19, 2016, until October 10, 2017, "unnecessarily delayed the legal process." (Trial Court

Opinion, 10/19/18, at 6-7). Penelec timely appealed.[3] Both Penelec and the trial court complied with Rule 1925. **See** Pa.R.A.P. 1925.

On appeal, Penelec maintains that the good faith analysis employed by the trial court does not apply to the facts of this case because Penelec did not delay in attempting service. (**See** Penelec's Brief, at 18). It argues that any delay in service was caused by Antoine's Timbering failure to update its registered address with the Corporation Bureau and that it should not be permitted to benefit from not doing so. As a result, it contends that because prompt delivery of the Complaint to the Sheriff for service tolled the Statute of Limitations, it had until March 7, 2018, to serve the Complaint pursuant to the "equivalent period doctrine" and good faith considerations are inapplicable. (**Id.**).

"The rules of civil procedure allow for the commencement of an action by the filing of either a praecipe for writ of summons or a complaint. Pa.R.C.P.

---

[3] "Appellate review of an order granting a motion for judgment on the pleadings is plenary." **Cubler v. TruMark Fin. Credit Union**, 83 A.3d 235, 239 (Pa. Super. 2013) (citation omitted). We "apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents." **Id.** (citation omitted). "The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted." **Id.** (citation omitted). "We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise." **Id.** (citation omitted).

Rule 1007." *Siler v. Khan*, 689 A.2d 972, 973 (Pa. Super. 1997). "Such action tolls the running of the statute of limitations, however it is incumbent upon a plaintiff to attempt to effectuate service on the defendant in a timely manner[]" because "[p]roper service is a prerequisite to a court acquiring personal jurisdiction over a defendant." *Ramsay v. Pierre*, 822 A.2d 85, 89 (Pa. Super. 2003) (citation omitted); *Siler*, *supra* at 973 (citing *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976)).

In *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005), the Pennsylvania Supreme Court granted review "to clarify what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action." *See McCreesh*, *supra* at 665.

> [Pennsylvania Rule of Civil Procedure] 401 limits the time between filing and service. Specifically, subsection (a) requires service of original process within thirty days of the issuance of the writ. If a plaintiff fails to comply with subsection (a), the claim remains valid so long as the plaintiff complies with the procedures of subsection (b), which allows for reissuance of the writ at "any time and any number of times." Pa.R.C.P. 401(b). Thus, the plain language of the rule allows a plaintiff to commence an action, thereby satisfying the statute of limitations, and yet to delay the provision of notice of the claim to the defendant interminably, thus undermining the purpose of the statute of limitations. *See Lamp*, 366 A.2d at 888–89.
>
> We first limited a plaintiff's potential abuse of this rule in *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A.2d 317 (1961), by instituting the "equivalent period doctrine:"
>
>> [Rule 1010(b) (repealed)] is inadequately worded and its language must be construed by reasonable interpretation. The same limitation is to be applied to the time in which a [complaint] may be **reissued** . . . only for a period of time which,

- 6 -

measured from the date of original issuance of the writ, or the date of a subsequent reissuance thereof, is not longer than the period of time required by the applicable statute of limitations for the bringing of the action.

*Id.* at 320 (emphasis in original). We attempted to rectify this anomaly further through our holding in **Lamp**, where we acknowledged "too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a [complaint] and then having the [complaint] reissued in a timely fashion without attempting to effectuate service." **Lamp**, 366 A.2d at 888. Pursuant to our supervisory power over Pennsylvania courts, we qualified the rule, holding prospectively that "a [complaint] shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." In so construing the rule, we sought to "avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Id.* at 889.

We subtly altered our holding in **Lamp** in **Farinacci**[ **v. Beaver County Indus. Development Authority**, 511 A.2d 757 759 (Pa. 1986)]*,* requiring plaintiffs to demonstrate "a good-faith effort to effectuate notice of commencement of the action." In announcing this refinement to the **Lamp** rule, we acknowledged that the good faith requirement is "not apparent from a reading of the rule itself," but rather, satisfied the stated purpose of our decision in **Lamp** which was to avoid the situation where a plaintiff can retain exclusive control over litigation by not making a good faith effort to notify the defendant. **Farinacci**, 511 A.2d at 759. We held that determining whether a plaintiff acted in good faith lies within the sound discretion of the trial court. Therefore, noting that "plaintiffs are required to comply with local practice to ensure, insofar as they are able, prompt service of process," we affirmed the trial court's decision to dismiss the complaint where the plaintiff failed to deliver the [complaint] to the sheriff as required by local practice and consequently delayed service upon the defendant for over a month. *Id.*

This Court's most recent decision on the issue is the plurality decision in **Witherspoon v. City of Philadelphia**, 564 Pa. 388,

768 A.2d 1079 (2001). Five justices affirmed the dismissal of a complaint finding that the plaintiff did not act in good faith where he made only one unsuccessful attempt to serve the defendant in nine months. *Id.* (Zappala, J., Opinion Announcing the Judgment of the Court, joined by Flaherty, C.J.); *id.* at 1084 (Saylor, J., concurring, joined by Castille and Nigro, J.J.).

*McCreesh*, *supra* at 671-72 (footnotes omitted; emphasis in original); *see*

*Englert v. Fazio Mech. Servs.*, 932 A.2d 122, 124-26 (Pa. Super. 2007).[4]

Here, it is undisputed that Penelec commenced its action by filing a Complaint on March 7, 2016, within the applicable two-year Statute of Limitations and immediately attempted to serve the Complaint. However, it did not take any further action until October 27, 2017, approximately eighteen months later, and it gives absolutely no explanation for why it failed to do so. Penelec's argument that by filing the original Complaint and attempting to serve it, that it had another two-year statute of limitations regardless of its good faith effort, is contrary to our legal precedent. *See Witherspoon*, *supra* at 1083;[5] *Sheets, supra*, at 1019. While we acknowledge that Antoine's Timbering did not maintain a current address listing with the

---

[4] "[I]n each case, where noncompliance with *Lamp* is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." *Farinacci*, *supra* at 759.

[5] *Witherspoon*'s facts are slightly different from those presented here. However, this does not affect the reasoning employed by the Court or our analysis here.

Corporation Bureau, this does not explain why Penelec neglected to take any further action to locate them for eighteen months.[6]

In any event, the Business Corporation Law of 1988[7] (BCL) never intended that a "registered office" was to be where service of process was to be made. 15 Pa.C.S. § 1507(a) provides "Every business corporation shall have and continuously maintain in this Commonwealth a registered office which may, but need not, be the same as its place of business. The Official Committee Comment to that provision states:

> The registered office location survives under 1988 BCL for only two purposes: to fix the county where a document is to be "officially publish[ed]" as defined in 15 Pa.C.S. § 1103, and for venue purposes under Pa.R.C.P. No. 2179(a)(1). It is not intended that a bare registered office necessarily constitutes the type of operating office contemplated by Pa.R.C.P. No. 2180(a)(2) for purposes of service of process. For example, if a corporation fails to pay the renewal fees of an agent for the provision of registered office service, the agent may file a statement of change of registered office by agent under 15 Pa.C.S. § 108, terminating its status as agent, and thereafter the former agent will "no longer have any responsibility with respect to matters tendered to the office" in the name of the corporation. In view of this possibility, it is assumed that a plaintiff will ordinarily make service on the actual principal place of business of the corporation, wherever

---

[6] While we are cognizant that we are precluded from making factual findings, we just note that Penelec's claim that the February 19, 2016 Corporation Bureau search did not reveal the name of Samuel L. Ryon, (*see* Penelec's Brief, at 10), is belied by the record. The Corporation Bureau printout from the February 19, 2016 search contains the names of Samuel L. Ryon and Samuel Ryan. (*See* Weber Verification, at Exhibit 1). However, Penelec did not perform internet research on Samuel L. Ryon until October 10, 2017, and this search resulted in service. (*See* Weber Verification, at ¶¶ 6-9).

[7] 15 Pa.C.S. §§ 1101–9507.

situated, in order to minimize the risk of due process defects in the validity of any resulting judgment.

15 Pa.C.S. § 1507(a), Comment.

Based on the foregoing, we conclude that the trial court properly granted the Motion for Judgment on the Pleadings when it found that Penelec failed to make a good-faith effort to serve notice and that, therefore, its action violated the Statute of Limitations. **Farinacci**, **supra** at 759; **Cubler**, **supra** at 239. We affirm the order of the trial court granting judgment on the pleadings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2019