**[J-59-2023]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, JJ.**

| | |
|---|---|
| EARL JOHN DWYER AND CHRISTINE DWYER, HUSBAND AND WIFE,<br><br>        Appellants<br><br><br>        v.<br><br><br>AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., RIVERSOURCE LIFE INSURANCE COMPANY, JAMES E. ANDERSON, JR., AND DUANE DANIELS,<br><br>        Appellees | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 2 WAP 2023<br><br>Appeal from the Order of the Superior Court entered July 8, 2022 at No. 519 WDA 2021, Affirming the Judgment of the Court of Common Pleas of Allegheny County entered April 26, 2021 at No. GD01-006612.<br><br>ARGUED: October 18, 2023 |

**OPINION**

**JUSTICE WECHT**                                    **DECIDED: APRIL 25, 2024**

A trial jury returned a verdict in favor of Earl John and Christine Dwyer against Ameriprise Financial, Inc., on common-law claims of negligent and fraudulent misrepresentation. The jury found Ameriprise's conduct to have been outrageous, such that the Dwyers were entitled to punitive damages. Premised upon the same conduct, the trial court decided that Ameriprise also had violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("CPL").[1] The CPL authorizes the trial court to award, in its discretion, "up to three times the actual damages sustained."[2] The trial court

---

[1]     73 P.S. §§ 201-1 – 201-10.

[2]     73 P.S. § 201-9.2(a).

here declined to make such an award, opining that treble damages under the CPL would be duplicative of the punitive damages awarded by the jury on the common-law claims. The Superior Court affirmed, viewing the trial court's decision as a permissible exercise of its discretion.

By relying upon the jury's common-law punitive damages award to limit the availability of treble damages under the CPL, the lower courts have undermined the legislative intent of the CPL. In doing so, the lower courts erred as a matter of law. Rather than being interchangeable with punitive damages, treble damages under the CPL are a separate remedy available to the Dwyers. The availability of treble damages is wholly independent of any entitlement to punitive damages, and must be considered by the trial court without regard to a punitive damages award on related common-law claims. Contrary to the Superior Court's holding, nullifying the availability of a statutory award because of a common-law award is not a permissible exercise of discretion. It is an erroneous decision not to exercise statutory discretion. Accordingly, we reverse the order of the Superior Court.

## I. Background

In July 1985, Ameriprise fraudulently and negligently induced the Dwyers to purchase a universal whole life insurance policy on the life of Mr. Dwyer with a rider insuring Mrs. Dwyer and their children. In order to facilitate this purchase, the Dwyers surrendered life insurance policies they had purchased from other companies. The maturity date of the policy was in 2051, when Mr. Dwyer would be ninety-five years old. An Ameriprise representative misrepresented to the Dwyers that their quarterly premium payments would remain the same for the life of the policy. If the Dwyers' premium payment had remained the same, the policy would have lapsed for insufficient funds in 2020, when Mr. Dwyer was sixty-four years old.

On April 4, 2001, the Dwyers commenced this action by writ of summons. On August 23, 2007, the Dwyers filed a complaint against Ameriprise raising common-law claims of negligent and fraudulent misrepresentation, as well as a statutory claim arising from a violation of the CPL premised upon Ameriprise's misrepresentations. The Dwyers sought compensatory damages of $45,570, which represented the return of their premium payments of $14,580 plus six percent interest. The parties agreed that liability for the common-law claims and the question of punitive damages would be decided by a jury, with the amount of compensatory damages reserved for determination by the trial court. If the jury returned a verdict for the Dwyers, the trial court would adjudicate the CPL claim.

At the conclusion of the jury trial in March 2019, the jury returned a verdict for the Dwyers on their claims of negligent and fraudulent misrepresentation, finding that Ameriprise made intentional, fraudulent misrepresentations in the process of the sale of the policy and that the Dwyers justifiably relied upon these misrepresentations to their financial detriment. The jury also found that Ameriprise's conduct was outrageous and that this conduct warranted punitive damages in the amount of $75,000.

On December 18, 2019, the trial court found in the Dwyers' favor on the CPL claim, awarding $45,570 in compensatory damages, plus interest. The trial court declined to treble the damages under Section 9.2 of the CPL or to provide any other additional relief, explaining that:

> [T]he Court believes the compensatory award of the return of the entire premiums paid, without set-off [for providing insurance coverage since August 1985], at a rate of 6% interest; the $75,000 in punitive damages awarded by the jury; and attorneys' fees that will subsequently be awarded, as sufficient to compensate the [Dwyers] for the losses caused by [Ameriprise], and to punish and deter [Ameriprise] from such similar future conduct.[3]

---

[3]     Tr. Ct. Order, 12/18/2019, at 2 ¶ 7; R.R. 31a.

Upon the Dwyers' motion, the trial court awarded $123,603 in attorneys' fees and costs under the CPL.

On August 17, 2020, the trial court entered judgment upon the jury verdict on the common-law claims in the amount of $120,570, representing compensatory and punitive damages, and upon the non-jury verdict on the CPL claim in the amount of $169,173, representing compensatory damages and attorneys' fees and costs.

On August 24, 2020, Ameriprise moved for an election of remedies, asserting that the Dwyers were required to elect either the common-law verdict or the statutory CPL verdict, but could not recover both.[4] Ameriprise further argued that the Dwyers could not recover punitive damages and statutory treble damages because both types of damages would serve the same purpose of punishing wrongdoing. The Dwyers filed a reply in opposition. On August 26, 2020, the Dwyers moved for post-trial relief, arguing that the trial court erred by not awarding treble damages on the CPL claim.

On April 15, 2021, the trial court denied the Dwyers' motion for post-trial relief, explaining that the award of treble damages was within the court's discretion. Also on April 15, 2021, the trial court separately granted Ameriprise's motion for election of remedies in part, agreeing that the Dwyers could not recover compensatory damages twice, a proposition that the Dwyers did not dispute. The trial court denied the election of remedies motion in all other respects. Responding to Ameriprise's argument that the Dwyers could not receive both punitive damages and treble damages, the trial court agreed, reasoning that the two types of damages would be duplicative. Because it believed the damages to be duplicative, the trial court explained that "of primary concern to [Ameriprise] was the [Dwyers'] inability to recover both punitive and treble damages.

---

[4] *See Gamesa Energy USA LLC v. Ten Penn Ctr. Ass.*, 217 A.3d 1227, 1238 (Pa. 2019) ("The purpose of the doctrine of election of remedies is to prevent a windfall or double recovery for a single injury.").

Under the verdicts as issued, the [Dwyers are] not recovering both, as part of the court's rationale in declining to award treble damages was the award of punitive damages by the jury."[5] The Dwyers' final award included $45,570 in compensatory damages (for either the common-law claims or the CPL claim), $75,000 in punitive damages on the common-law claims, and $123,176 in attorneys' fees and costs under the CPL.[6]

The Dwyers filed a notice of appeal. In their statement of errors complained of on appeal,[7] the Dwyers argued, *inter alia*, that the trial court erred by not awarding treble damages under the CPL. In response, the trial court stated that it enjoyed "absolute discretion to award no extra damages, treble damages, or something in between," that it did not abuse this discretion by declining to award treble damages "after the jury had already awarded punitive damages," and that treble damages, like punitive damages, have "at least a punitive component."[8]

The Superior Court affirmed.[9] Among other arguments, the Dwyers maintained that the trial court erred by ignoring their entitlement to treble damages under the CPL, which arose from Ameriprise's intentional fraudulent conduct. Evaluating the trial court's decision for an abuse of discretion, the Superior Court disagreed with the Dwyers. The Superior Court opined that, because the Dwyers received compensatory damages, punitive damages, and attorneys' fees, they were compensated for their losses, and

---

[5] Tr. Ct. Order (Election of Remedies), 4/15/2021, at 2; R.R. 224a.

[6] Because the final award included only one award of compensatory damages, it was less than the verdict entered on August 17, 2020.

[7] *See* Pa.R.A.P. 1925.

[8] Tr. Ct. Rule 1925(a) Op., 8/25/2021, at 4 (citing *Nexus Real Estate LLC v. Erickson*, 174 A.3d 1, 6 (Pa. Super. 2017) (explaining that treble damages have both punitive and remedial aspects) (internal citations omitted)).

[9] *Dwyer v. Ameriprise Fin. Inc.*, 519 WDA 2121, 2022 WL 2560023 (Pa. Super. July 8, 2022) (unreported).

Ameriprise was sufficiently punished and deterred from engaging in similar conduct in the future. Thus, according to the Superior Court, the trial court acted within its discretion when it declined to award treble damages in light of the total damages award.

We granted review in order to decide two issues. The first is whether the Superior Court erred by affirming the denial of treble damages under the CPL because of the award of punitive damages and of attorneys' fees. The second is whether the Superior Court erred by applying an abuse of discretion standard of review instead of a *de novo* standard of review to resolve whether an award of punitive damages and attorneys' fees can replace an award of treble damages under the CPL.[10]

## II. Arguments

The Dwyers argue that, as a remedial statute, the CPL is to be liberally construed in order to prevent unfair or deceptive practices.[11] The Dwyers assert that statutory treble damages serve this remedial objective by encouraging the private enforcement of the CPL. Without the incentive of enhanced damages, the Dwyers argue, consumers would have little reason to bring CPL actions to recoup otherwise small losses spent on goods and services. According to the Dwyers, private enforcement of the CPL depends upon the award of treble damages.

Addressing the relationship between punitive damages and treble damages under the CPL, the Dwyers argue that the award of treble damages "should not be closely constrained by the common-law requirements associated with the award of punitive damages," such as the requirement of outrageous conduct.[12] Because punitive damages

---

[10] *Dwyer v. Ameriprise Fin., Inc.*, 290 A.3d 647, 647-48 (Pa. 2023) (*per curiam*).

[11] *See Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 646 (Pa. 2021) ("This Court has stated emphatically that, as a remedial statute, the CPL is to be construed liberally to effect its object of preventing unfair or deceptive practices.") (internal citation omitted).

[12] Appellant's Br. at 17 (quoting *Schwartz v. Rockey*, 932 A.2d 885, 898 (Pa. 2007)).

are intended to punish outrageous behavior while treble damages under the CPL are intended to incentivize the private enforcement of the CPL, the Dwyers argue, the lower courts erred by essentially substituting common-law punitive damages for CPL treble damages. According to the Dwyers, the legislative goals of the CPL cannot be satisfied by punitive damages.

By affirming on the basis that the Dwyers were sufficiently compensated by the award of punitive damages, the Dwyers believe, the Superior Court has created a legal standard not supported by the plain language of the CPL and has injected ambiguity and uncertainty into the measure of damages available under the CPL.

Confronting the trial court's claim of "absolute discretion" to deny treble damages, the Dwyers argue that the trial court's discretion is not limitless, but rather is constrained by the legislative goals that animate the CPL. Although the award of treble damages is discretionary, the Dwyers maintain, the trial court had no discretion to decide as a matter of law that punitive damages replaced treble damages, and the Superior Court erred in applying a deferential abuse of discretion standard of appellate review. The facts established herein demonstrated that Ameriprise engaged in intentional wrongful conduct—a circumstance that the Dwyers believe warranted the imposition of treble damages in order to further the remedial purpose of the CPL.

The Dwyers further argue that the trial court's actions contravened the procedure for electing remedies. According to the Dwyers, by imposing punitive damages but not treble damages, the trial court forced an election of remedies rather than permitting the Dwyers to elect their own remedy. The Dwyers contend that this election favored Ameriprise, as treble damages under the CPL would have been greater—by $16,000— than the punitive damages award. The Dwyers question whether an award of less than treble damages could further the legislative goals of the CPL.

Turning to the second issue presented for review, the Dwyers argue that the trial court's misapplication of the law warrants *de novo* review by the appellate court, not, as the Superior Court held, review for an abuse of discretion. According to the Dwyers, this case involves the legal standard for the award of treble damages, not the discretion to make (or not to make) such an award.[13]

In response, Ameriprise first argues that the Court should dismiss the Dwyers' appeal as improvidently granted because the Dwyers are seeking fact-specific error review. Ameriprise next relies upon the discretionary nature of the award of treble damages under the CPL to argue that the trial court did not abuse its discretion by denying treble damages based upon the Dwyers' total award (of compensatory damages, punitive damages, and attorneys' fees). The trial court's decision in this respect is, according to Ameriprise, not a question of law, but a pure exercise of discretion.

In the absence of any express statutory factors for the award of treble damages, Ameriprise asserts, the deterrence and punitive purposes of such damages are relevant considerations. According to Ameriprise, the trial court appropriately considered the award as a whole and appropriately decided that Ameriprise already was deterred and punished without the need for trebling of damages under the CPL.

Turning to the Superior Court's standard of review, Ameriprise notes the Superior Court's express statement that "where the issue . . . concerns a question of law, our scope of review is plenary."[14] Ameriprise offers this statement to refute the Dwyers' argument

---

[13]    The National Consumer Law Center, National Association of Consumer Advocates, Community Legal Services, Pennsylvania Legal Aid Network, Legal Aid of Southeastern Pennsylvania, Community Justice Project, Neighborhood Legal Services Association, and Philadelphia Legal Assistance have together filed an amicus brief in support of the Dwyers.

[14]    *Dwyer*, 2022 WL 2560023, *3 n.12 (citing *Richards v. Ameriprise Fin., Inc.*, 217 A.3d 854, 862 (Pa. Super. 2019) ("We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on (continued…)

that the Superior Court failed to engage the argument that the court should apply a *de novo* standard of review. Ameriprise argues that, by upholding the trial court's exercise of discretion, the Superior Court applied the appropriate standard of review.[15]

### III. Analysis

The questions presented for review require us to construe the CPL. Statutory interpretation is a question of law for which "our standard of review is *de novo*, and our scope of review is plenary."[16] When we construe statutes, we aim to ascertain and effectuate the intent of the General Assembly.[17] "The statute's plain language generally provides the best indication of legislative intent."[18] "When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering," *inter alia*, "the occasion and necessity for the statute," "the mischief to be remedied," "the object to be attained," and "the consequences of a particular interpretation."[19] With certain exceptions that are not presently applicable, we liberally construe statutes "to effect their objects and to promote justice."[20]

---

an error of law. However, where the issue . . . concerns a question of law, our scope of review is plenary.")).

[15]     The Pennsylvania Coalition for Civil Justice Reform, the Pennsylvania Chamber of Business and Industry, the Pennsylvania Manufacturers' Association, and the National Association of Manufacturers have together filed an *amicus curiae* brief in support of Ameriprise. In addition, the Chamber of Commerce of the United States of America filed its own *amicus* brief in support of Ameriprise.

[16]     *Schwartz*, 932 A.2d at 891.

[17]     1 Pa.C.S. § 1921(a).

[18]     *A.S. v. Pennsylvania State Police*, 143 A.3d 896, 903 (Pa. 2016).

[19]     1 Pa.C.S. § 1921(c)(1), (3), (4), (6).

[20]     *Id.* § 1928(c).

Section 9.2(a) of the CPL authorizes private actions, and the award of treble damages, as follows:

> (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.[21]

Under this provision, any person who suffers an ascertainable loss due to unlawful conduct may bring a private action. The trial court may award up to three times the actual damages and additional relief as necessary or proper, as well as costs and reasonable attorneys' fees.

The legislature has described the mischief that it sought to remedy with the enactment of the CPL "in clear and expansive language."[22] In Section 3, the General Assembly provided that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce [as statutorily defined] are hereby declared unlawful."[23] The legislature sought "to benefit the public at large by eradicating"[24] such acts or practices by sellers. "To this end, the CPL recognized 'the unequal bargaining power of opposing forces in the marketplace' and 'attempt[ed] to

---

[21]    73 P.S. § 201-9.2(a).

[22]    *Commonwealth v. Monumental Properties, Inc.*, 329 A.2d 812, 815 (Pa. 1974).

[23]    73 P.S. § 201-3(a).

[24]    *Gregg*, 245 A.3d at 646 (quoting *Monumental Props., Inc.*, 329 A.2d at 815 ("The Legislature sought by the [CPL] to benefit the public at large by eradicating, among other things, 'unfair or deceptive' business practices.")).

place on more equal terms seller and consumer.'"[25]  As the CPL is a remedial statute, we construe it "liberally to effect its object of preventing unfair or deceptive practices."[26]

Although the CPL does not provide any standards to guide the trial court in exercising its discretion to award (up to) treble damages,[27] the court's discretion must be exercised within the constraints of the legislative goals evinced by the statute.  Contrary to the trial court's belief, it does not enjoy "absolute discretion" to award, or not to award, up to treble damages under Section 9.2(a).[28]  Such unfettered discretion would insulate awards under Section 9.2(a) from appellate review.[29]  As we have explained,

> [S]ome words are more common than they are clear, or are by virtue of their malleability fated to highly context-specific adjudication.  'Discretion' is one such word.  So we must interpret the language in question 'not in isolation, but with reference to the context in which it appears.'[30]

In the absence of legislative standards to guide the trial court's exercise of discretion, we look to the legislative intent apparent in the CPL and the role that treble damages play to

---

[25]     *Id.* (quoting *Monumental Props., Inc.*, 329 A.2d at 816).

[26]     *Id.* (quoting *Monumental Props., Inc.*, 329 A.2d at 817); *see also Verona v. Schenley Farms Co.*, 167 A. 317, 320 (Pa. 1933) ("As a statute for the prevention of fraud, [the CPL] must be liberally construed to effect the purpose.").

[27]     *See Schwartz*, 932 A.2d at 897 ("As all parties recognize, the statute, on its plain terms, does not provide any standard pursuant to which a trial court may award treble damages.").

[28]     Tr. Ct. Rule 1925(a) Op., 8/25/2021, at 4.

[29]     *See Clean Air Council v. Dep't of Env't Prot.*, 289 A.3d 928, 948 (Pa. 2023) ("Under the Commonwealth Court's approach [affirming the Environmental Hearing Board's invocation of broad statutory discretion], it seems that very little that the Board might do in this regard could ever justify appellate intervention.").

[30]     *Id.* at 947 (Pa. 2023) (footnotes omitted) (quoting *Commonwealth v. Kingston*, 143 A.3d 917, 922 (Pa. 2016)).

effectuate this intent. It is only within the framework of the CPL that the trial court may exercise discretion.[31]

Section 9.2 of the CPL serves three purposes. First, Section 9.2 authorizes the award of treble damages in a private cause of action in order to incentivize the private enforcement of the law, shifting to private citizens the ability to ferret out fraudulent, unfair, and deceptive trade practices that the legislature has deemed illegal. There is a long line of precedent recognizing that the legislative award of (up to) treble damages is intended to encourage the private enforcement of the law.[32] Private plaintiffs who bring claims under the CPL further the legislative goal of eradicating unfair or deceptive trade practices. These plaintiffs act in their own self-interest and, simultaneously, in the public interest, supplementing the government's own enforcement of the law.[33] As the Supreme Court of the United States has explained of private actions in the context of distinct federal statutes, private actions "bring to bear the pressure of 'private attorneys general' on a serious national problem for which public prosecutorial resources are deemed inadequate."[34]

---

[31] *See Commonwealth v. Gill*, 206 A.3d 459, 466 (Pa. 2019) (explaining that the term "discretion" "imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law").

[32] *See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130-31 (1969) ("Moreover, the purpose of giving private parties treble-damage and injunctive remedies was not merely to provide private relief, but was to serve as well the high purpose of enforcing the antitrust laws.").

[33] *See* William B. Rubenstein, *On What a "Private Attorney General" Is—And Why it Matters*, 57 Vand. L. Rev. 2129, 2146 (2004) (recognizing that "the literature more commonly employs the label [of private attorney general] to describe private attorneys whose work for private clients contributes to the public interest by supplementing the government's enforcement of laws and public policies").

[34] *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 151 (1987).

Second, Section 9.2 seeks to compensate private plaintiffs for their "ascertainable loss" by allowing them to recover up to three-times their actual damages.[35] This compensatory aspect of the CPL recognizes that actual damages may not suffice to compensate the plaintiff for the losses caused by the defendant's wrongful conduct. Plaintiffs who accept the invitation of the CPL to embark upon a private action expend their own time and energy to do so. Even with competent attorneys, litigation is not effortless, and may arise only after the consumer has dealt with the hassle of ascertaining the wrongdoing of another. Litigation may demand varying degrees of time, energy, stress, travel, lost work, childcare expenses, and opportunity costs.[36] Actual damages alone may be insufficient to account for or to compensate the plaintiff for these expenditures. In this way, the availability of treble damages encourages plaintiffs to pursue their claims by "counter-balancing the difficulty of maintaining a private suit."[37] Treble damages are not available solely to compensate plaintiffs for actual damages, but to compensate plaintiffs for enforcing the CPL.

Third, the availability of enhanced damages under the CPL serves to deter wrongful conduct. As we explained in *Schwartz*, "many individual claims asserted under the [CPL] will be small."[38] Thus, "it seems reasonably likely that the Legislature wished

---

[35]    73 P.S. § 201-9.2(a).

[36]    *See Hale v. Basin Motor Co.*, 795 P.2d 1006, 1013 (N.M. 1990) ("Certainly, high among the factors motivating legislatures to enact [consumer protection] laws such as we are considering today is the frustration experienced by consumers having to run around to straighten out unfair or deceptive trade practices."); *St. Paul Fire & Marine Ins. Co. v. Updegrave*, 656 P.2d 1130, 1134 (Wash. App. 1983) (explaining that consumer protection damages "include the consumer's inconvenience, financial considerations such as loss of time in helping prepare the case, [and] actual time spent in court").

[37]    *Am. Soc. of Mech. Engineers, Inc., v. Hydrolevel Corp.*, 456 U.S. 556, 575 (1982) (internal citation omitted).

[38]    *Schwartz*, 932 A.2d at 898

to enhance the impact of monetary awards under the statute to deter wrongful trade practices affecting the public at large."[39]  To this end, it is not solely the defendant whose wrongful conduct is being deterred.  The availability of enhanced damages under the CPL also serves to deter the same kind of wrongful conduct by other sellers of goods and services in the marketplace, thereby protecting the public at large.

The mechanism to reach these three objectives—to incentivize private actions for unfair and deceptive trade practices, to compensate plaintiffs, and to deter wrongful conduct—is "the carrot of treble damages."[40]  Without treble damages, many private plaintiffs would have claims too small to justify the burdens of bringing a private cause of action.  The treble damages authorized by Section 9.2(a) operate to "correct imbalances in the marketplace"[41] and to encourage the private enforcement of consumer protection laws.  In this way, the CPL "attempts to place on more equal terms seller and consumer," predicated upon the legislature's recognition of "the unequal bargaining power of opposing forces in the marketplace."[42]  Treble damages under Section 9.2 are central to this remedial purpose and operate in tandem with the private action to effectuate the legislative goals of the CPL.  The availability of treble damages, as well as attorneys' fees, under Section 9.2, incentivizes the private enforcement of the CPL, which serves the overarching legislative goal of eradicating unfair and deceptive trade practices.

---

[39]     *Id.*

[40]     *See Agency Holding Corp.*, 483 U.S. at 151 (recognizing that "the mechanism chosen to reach the objective in" in two remedial statutes "is the carrot of treble damages").

[41]     *Monumental Props., Inc.*, 329 A.2d at 821.

[42]     *Id.* at 816.

Punitive damages, on the other hand, are penal in nature and are intended to punish a tortfeasor and to deter the tortfeasor and others from similar conduct.[43] Such damages are appropriate "where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."[44] As a remedial statute, the CPL authorizes damages in order to deter other marketplace actors from engaging in unfair or deceptive trade practices. Although there may be some overlap in the function of punitive damages and statutory damages under the CPL, we have recognized the CPL as remedial in nature and have rejected the Commonwealth Court's interpretation of the CPL as a penal statute warranting strict construction.[45]

In *Schwartz v. Rockey*,[46] this Court was faced with the argument that, like an award of punitive damages, the award of treble damages under the CPL required a finding of outrageous or egregious conduct. We stated that, although the trebling of damages "obviously has a strong punitive dynamic,"[47] the legislature intended to incentivize private actions through treble damages. Consequently, we held that a trial court's discretion to treble the damages available under the CPL is not "closely constrained by the common-law requirements associated with the award of punitive damages."[48] The trial court's

---

[43] *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) ("The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct.").

[44] *Id.*

[45] *Monumental Properties, Inc.*, 329 A.2d at 817 (Pa. 1974) (rejecting the Commonwealth Court's conclusion that the CPL "was penal in nature and therefore required a strict construction").

[46] 932 A.2d at 888.

[47] *Schwartz*, 932 A.2d at 897.

[48] *Id.* at 898.

discretion with respect to treble damages "is not limitless,"[49] but should focus upon "the presence of intentional or reckless, wrongful conduct, as to which an award of treble damages would be consistent with, and in furtherance of, the remedial purposes of the [CPL]."[50] This directive to the trial court—to focus upon the presence of intentional or wrongful conduct—serves the deterrent purpose of the CPL.

Section 9.2(a) of the CPL authorizes private actions and defines the damages that are available in such a private action without any reference to or consideration of any other causes of action or remedies. In this respect, Section 9.2(a) creates a defined cause of action with defined remedies. Extra-statutory considerations are not permitted. By making treble damages available under the CPL, the legislature has provided that the availability of (up to) treble damages serves the remedial purposes of the CPL. The trial court's discretion to award (or not to award) treble damages is not bound by the common-law entitlement to punitive damages. With the CPL, the legislature created a statutory cause of action to supplement the common law. Although punitive damages are available to punish outrageous conduct occasioned by common-law infractions, the legislature has created an additional layer of damages available for conduct that also violates the CPL.

The purposes of a remedial statute such as the CPL are not served by restricting the availability of damages to those that may already exist under the common law. Withholding treble damages under the CPL because of an award of punitive damages for common-law claims does not serve the object to be attained with the enactment of the CPL. Indeed, the award of punitive damages under the common law has no bearing

---

[49]     *Id.*

[50]     *Id.* The Court reached this decision over a partial dissent opining that punitive damages and treble damages under the CPL served the same purpose and that the CPL merely codified the principles governing punitive damages under the common law. *See id.* at 901 (Cappy, C.J., concurring and dissenting).

whatsoever on the court's exercise of discretion to award treble damages under the CPL. A court's discretion under the CPL is limited to providing the relief prescribed in the statute. It does not extend to nullifying the availability of such relief based upon distinct common-law damages.

Our holding that punitive damages are no substitute for remedial, statutory damages is consistent with our decision in *Hoy v. Angelone*.[51] In *Hoy*, the Court addressed the issue of whether punitive damages were available under a remedial statute that was silent on the question. In concluding that the legislature's silence on the availability of punitive damages indicated an intent not to permit them, we explained that "[p]unitive damages are not consistent with this goal of achieving the remedial purposes of the statute and are not a make-whole remedy."[52] Punitive damages, being penal in nature, are distinct from damages available under a remedial statute. Just as punitive damages do not serve the remedial purpose of statutory damages, the award of statutory damages does not depend upon an award of punitive damages.

In reaching this result, we are mindful of the consequences of a contrary interpretation.[53] To hold that the award of punitive damages is relevant to the trial court's exercise of discretion to award treble damages would defeat the CPL's remedial objects, rendering the availability of treble damages superfluous. Were the General Assembly satisfied by the damages available under the common law, it would not have authorized separate actions and damages under the CPL.

Were we to hold to the contrary that the trial court may consider the jury's award of punitive damages in exercising its discretion to award, or not to award, up to treble

---

[51] 720 A.2d 745 (Pa. 1998).

[52] *Id.* at 749.

[53] *See* 1 Pa.C.S. § 1921(c)(6).

damages under Section 9.2(a), we would place plaintiffs in a precarious position relative to an appeal of a punitive damages award. If the trial court dispenses with consideration of up to treble damages under Section 9.2(a) due to the jury's award of punitive damages, and the appellate court reverses the award of punitive damages, plaintiffs would be without adequate compensation under the CPL, thereby undermining the legislative goals of eradicating unfair or deceptive trade practices. Consequently, CPL damages must stand alone in order to further the intent of the CPL.

The conduct of a seller of goods or services may give rise to common-law causes of actions as well as CPL violations. In such circumstances, the CPL makes available a separate remedy that cannot be preempted, substituted, or replaced by common-law remedies. Rather, damages available under the CPL are in addition to whatever remedies are available under the common law.[54] "As a general rule, a plaintiff may have as many remedies as the law provides."[55] In enacting the CPL, the General Assembly gave no indication that it intended to abrogate this rule or to limit the availability of statutory damages based upon the availability of common-law damages (or vice versa).

Although we have characterized treble damages under the CPL as having "a deterrent, punitive element"[56] and a "punitive dynamic,"[57] any such element or dynamic

---

[54] *See Schwartz*, 932 A.2d at 898 ("Thus, it seems reasonably likely that the Legislature wished to enhance the impact of monetary awards under the [CPL] to deter wrongful trade practices affecting the public at large."); *Agliori v. Metro. Life Ins. Co.*, 879 A.2d 315, 319 (Pa. Super. 2005) ("Case law does, however, make clear that the [CPL] was meant to supplement—not to replace—common-law remedies."); *Gabriel v. O'Hara*, 534 A.2d 488, 496 n.22 (Pa. Super. 1987) ("The remedies of the [CPL] are not exclusive but in addition to these other remedies.").

[55] *Cunningham v. Joseph Horne Co.*, 176 A.2d 648, 651 (Pa. 1961).

[56] *Meyer v. Cmty. College of Beaver Cnty.*, 93 A.3d 806, 815 (Pa. 2014) ("[Treble damages under the CPL], although designed, in part, for other more remedial purposes, do contain a deterrent, punitive element.").

[57] *Schwartz*, 932 A.2d at 897.

is incidental. By design, the CPL incentivizes private causes of action to root out fraudulent and deceptive practices in the marketplace, compensates injured parties, and deters wrongful practices. The nature of the remedies available under the CPL remains remedial "even if the imposition of statutory damages. . . may have the effect of encouraging compliance with the provisions" of the statute.[58] Although deceptive and fraudulent market participants may feel that they are being punished, the CPL was not enacted to penalize wrongdoers.[59] As a consumer protection statute, the CPL stands apart from age-old common-law remedies.

The same analysis pertains to the lower courts' beliefs that the fee-shifting provision of the CPL would result in sufficient compensation to the Dwyers and obviated the availability of treble damages. Attorneys' fees are "in addition to" other relief, not a substitute for that relief.[60] As we have explained, "Section 9.2(a)'s plain language makes it readily apparent that the General Assembly deemed ascertainable losses and attorneys' fees to be distinct items for redress."[61] The availability of the statutory remedy under the CPL does not depend in any respect upon either the award of punitive damages on common-law claims or upon the award of statutory attorneys' fees.

Here, the trial court acted to the contrary, believing not only that the award of punitive damages and attorneys' fees was relevant to the exercise of discretion under the CPL, but also that punitive damages and attorneys' fees rendered treble damages

---

[58] *Cubler v. TruMark Fin. Credit Union*, 83 A.3d 235, 241 (Pa. Super. 2013).

[59] *Monumental Props., Inc.*, 329 A.2d at 816 ("Although the Consumer Protection Law did articulate the evils desired to be remedied, the statute's underlying foundation is fraud prevention.").

[60] 73 P.S. § 201-9.2(a).

[61] *Grimes v. Enterprise Leasing Co. of Philadelphia, LLC*, 105 A.3d 1188, 1193 (Pa. 2014).

unnecessary. The punitive damages award was not in furtherance of the legislative goals of the CPL and should have had no bearing upon an appropriate remedy under the CPL. Where an innocent consumer is harmed by fraudulent or deceptive consumer transactions, the consumer should not receive less under the CPL because the defendant's conduct also created liability under the common law. Otherwise, marketplace sellers would receive a volume discount on their wrongful conduct. The remedial purposes of the CPL require the consideration of additional damages, above what is warranted by the common law.

Where the trial court exercises discretion under Section 9.2 to award "up to three times the actual damages sustained" or "additional relief as [the court] deems necessary or proper,"[62] the trial court must do so in service of the legislative goals animating the CPL. In affirming the trial court, the Superior Court found that the Dwyers already had been "adequately compensated" without treble damages. There is no statutory language in the CPL that supports an award of damages based upon the amorphous concept of adequate compensation.

Contrary to the lower courts' holdings, the trial court's decision not to award treble damages due to the award of punitive damages and attorneys' fees was not an exercise of discretion. It was a refusal to exercise discretion.[63] This refusal resulted from a purely

---

[62]     *Id.*

[63]     As the Court of Appeals of Maryland has explained:

There is a difference, however, between how a trial court makes its decision and *what* decision it makes. The standard that a trial court applies in evaluating whether to award attorneys' fees and costs is a legal decision; the conclusion that the court arrives at after applying that standard to the facts of the particular case is an exercise of discretion.

*Ocean City, Md., Chamber of Com., Inc. v. Barufaldi*, 75 A.3d 952, 957 (Md. 2013).

legal misapplication of the law.[64] We hold, as a matter of law, that the availability of up to treble damages under Section 9.2(a) is not dependent upon other damages to which the plaintiff is also entitled. The trial court's exercise of discretion under Section 9.2(a) of the CPL was clouded by its consideration of other damages. Contrary to the trial court's belief, the court may not rely upon the jury's award of punitive damages on the common-law claims to resolve the Dwyers' entitlement to treble damages under the CPL. The trial court may not conflate the two species of damages. Rather, it was incumbent upon the trial court to evaluate the Dwyers' request for treble damages in light of the legislative goals apparent in the CPL.[65]

Accordingly, we remand this matter to the Superior Court with directions to remand to the trial court for reconsideration of damages under Section 9.2(a) of the CPL. In exercising the discretion afforded by the statute, the trial court is directed to consider the remedial purposes of the CPL—to incentivize private actions to root out unfair and deceptive trade practices, to compensate the plaintiff, and to deter wrongful conduct. The

---

[64] *See Mitchell v. Shikora*, 209 A.3d 307, 314 (Pa. 2019) ("To the degree the issue of whether the law has been misapplied involves a purely legal question, it is reviewed *de novo.*"); *Schwartz*, 932 A.2d at 891 (considering the question of whether a finding of fraud is sufficient to support treble damages under the CPL to be a question of law over which our standard of review is *de novo* and our scope of review is plenary).

[65] The Concurring and Dissenting Opinion agrees that augmented damages under the CPL are not interchangeable with common law punitive damages, but opines that "an award of punitive damages may be relevant in informing" a trial court's decision under Section 9.2(a) of the CPL. Conc. and Dis. Op. at 2. Respectfully, this view undermines the objectives the CPL seeks to advance: to incentivize private actions, to compensate plaintiffs, and to deter wrongful conduct. The General Assembly enacted the CPL to supplement remedies available at common law. Section 9.2(a) creates its own defined cause of action and its own defined remedies in addition to what otherwise may be available to a plaintiff, and wholly independent of any award of punitive damages on related common-law claims. Although, as the Concurring and Dissenting Opinion observes, *id.* at 5, there may be some overlap in the function of punitive damages and statutory damages under the CPL, the remedies available under the CPL remain remedial.

trial court is directed to determine whether the award of actual damages alone is sufficient to accomplish the legislative purposes of the CPL.  The trial court may not consider the Dwyers' separate award of punitive damages or the award of attorneys' fees, neither of which may serve to limit the availability of up to treble damages or additional relief under the CPL.

Chief Justice Todd and Justices Donohue, Dougherty and Mundy join the opinion.

Justice Brobson files a concurring and dissenting opinion.